IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

John A. Olagues,

     *Plaintiff,*

 v.

Stephen D. Steinour *et al.,*

     *Defendants.*

Case No. 17-cv-0049

Chief Judge Edmund A. Sargus

Magistrate Judge Elizabeth Preston Deavers

## REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION
## TO STRIKE PLAINTIFF'S PROCEDURALLY IMPROPER COMPLAINT

**I. PRELIMINARY STATEMENT**

 Olagues has no answer to the well-settled law prohibiting him from bringing this action *pro se.* The Sixth Circuit has repeatedly held that a litigant cannot bring a *pro se* claim "on behalf of another person or entity." *Bass* v. *Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015). Olagues has purported to bring a *pro se* Section 16(b) claim "in the name and in behalf of" Huntington. 15 U.S.C. § 78p(b). His attempt to do so is contrary to black letter Sixth Circuit law and his complaint should be stricken.

 In his opposition, Olagues argues that he should be exempted from the rule against bringing representative litigation *pro se* because Section 16(b) contains a "private right of action." But whether a private right of action exists has nothing to do with whether a litigant can proceed *pro se.* And the cases cited in defendants' opening brief establish that *pro se* litigants cannot assert representative claims, whether or not a statutory private right of action exists. As the Ninth Circuit has explained, if a statute does not say that an individual can proceed *pro se,*

Congress "must have had in mind that such a suit would be carried on in accordance with the established procedure which requires that only one licensed to practice law may conduct proceedings in court for anyone other than himself." *Stoner* v. *Santa Clara Cty. Office of Educ.*, 502 F.3d 1116, 1127 (9th Cir. 2007). That is the case here.

Lacking any legal basis to assert his claim, Olagues accuses defense counsel of perpetrating a "Fraud upon the Court." Opp. ¶ 1. Olagues says, for example, that counsel lied about his criminal past and that "he has never been convicted" of a crime. Opp. ¶ 42. This is not the first time Olagues has made this exact misrepresentation to a federal court. As a federal judge recently observed, Olagues "was convicted of a crime":

> [Olagues] continues to maintain that he has never been convicted of a crime . . . [and] that [defendants] have committed "fraud on the courts" . . . . The documents before this Court demonstrate that Olagues was convicted of a crime. He appealed that conviction and filed a habeas petition challenging it, both of which were denied. He has filed multiple civil lawsuits challenging his arrest, extradition, and conviction, all of which have been dismissed. Yet, Olagues unabatedly continues to maintain that he was not convicted.

*Olagues* v. *Marin District Attorney*, 2014 WL 3704918, at *7 (N.D. Ca. July 23, 2014).

Olagues next says that counsel lied about his history of abusive litigation practices and that he has never made a "frivolous" or "vexatious filing." Opp. ¶¶ 31, 42. His claim is, again, contradicted by clear caselaw. Courts have repeatedly described Olagues's litigation tactics as "harassing" and "frivolous." *Olagues*, 2014 WL 3704918, at *7 ("Olagues is more than just litigious. Rather, his conduct has become harassing and his claims are frivolous."); *Olagues* v. *Schmidt*, 897 F.2d 533, 533 (9th Cir. 1990) ("Olagues' conduct in pursuing a frivolous and harassing motion justified the district court's imposition of Rule 11 sanctions."). He has been

sanctioned, declared a vexatious litigant and barred from bringing litigation without obtaining leave of court. Def. Br. 9-10.

Olagues likewise denies abusing Section 16(b) for his own benefit, saying that all of his suits had "substantial merit" and were brought to benefit the underlying corporations. Opp. ¶ 2–3. Again, this assertion is unfounded. As his prior filings show, Olagues invariably dismisses his supposedly meritorious suits, often shortly after they are brought. In the six months before bringing this action, Olagues filed four *pro se* Section 16(b) suits — every one has since been dismissed, two of them before defense counsel even appeared on the docket.

By making these accusations, Olagues is trying to cover up what is really happening in this case. Olagues is a barrater. He writes letters to companies across the country threatening to bring litigation unless he is paid a tribute that he is prohibited from receiving under law. When companies like Huntington refuse to pay him off, he brings baseless *pro se* claims to drain the resources of the companies that he purports to represent in the hopes of forcing a quick settlement. This is precisely the sort of practice that the rule against bringing representative litigation *pro se* is designed to prevent. Olagues's improper complaint should be stricken.

## II.   ARGUMENT

### A.   Olagues has no response to the extensive federal appellate authority that prohibits him from proceeding *pro se*.

Olagues purports to bring this Section 16(b) litigation "in the name and in behalf" of Huntington. 15 U.S.C. § 78p(b); *see also* Compl. § 6 ("[T]his action is brought by Plaintiff in order to obtain a recovery for the firm, Huntington Bancshares Inc."); Opp. ¶ 8 (saying that Huntington is the "beneficiary" in this litigation). But, as outlined in defendants' opening papers, federal law "impose[s] a barrier on *pro se* litigants wishing to appear on behalf of 'another person or entity,' including a corporation." *Bass* v. *Leatherwood*, 788 F.3d 228, 230

(6th Cir. 2015); *Cavanaugh ex rel. Cavanaugh* v. *Cardinal Local Sch. Dist.*, 409 F.3d 753, 755 (6th Cir. 2005) ("Because, by definition, pro se means to appear on one's own behalf, a person may not appear pro se on another person's behalf in the other's cause of action."); *Shepherd* v. *Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (litigants may "not . . . appear *pro se* where interests other than their own are at stake"). This rule is derived from the language of 28 U.S.C. § 1654, which permits parties only to "plead and conduct *their own* cases personally or by counsel."

Federal courts have applied this rule to prohibit litigants from asserting *pro se* claims on behalf of third parties in myriad contexts, including derivative suits, class actions, ERISA claims, and suits brought as corporate representatives, guardians, executors, and trustees. *See* Def. Br. 12-13; *Shepherd*, 313 F.3d at, 970 (executor could not proceed *pro se* on behalf of estate because interests of other beneficiaries were implicated); *Ginger* v. *Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970) (*pro se* appellant could not make arguments as representative of corporation).

Olagues claims that his suit should be exempted from this well-established rule because Section 16(b) contains a "private right of action" allowing stockholders to sue. Opp. ¶¶ 9–14. But a "private right of action" simply permits a private person to seek redress for violation of a public law. *E.g.*, *Bush* v. *State Indus., Inc.*, 599 F.2d 780, 786 (6th Cir. 1979). It says nothing about the manner in which that person must seek redress, and certainly does not suggest that he or she may do so *pro se* on behalf of a third party.

Indeed, Olagues's argument has been squarely rejected in the cases cited in defendants' opening brief, which are unaddressed in the opposition. For example, the False Claims Act expressly "provides a private right of action for an individual to bring a [*qui tam*] complaint in the name of the United States." *U.S. ex rel. Howard* v. *Lockheed Martin*, 2007 WL 1513999, at *1 (S.D. Ohio May 22, 2007). Nonetheless, "all of the circuits that have considered the issue"

have held that *qui tam* relators are prohibited from asserting a claim under the FCA's private right of action on a *pro se* basis. *U.S. ex rel. Mergent Servs.* v. *Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008). As the Second Circuit has explained, "'Congress could [not] have intended to authorize a layman to carry on such suit . . . but must have had in mind that such a suit would be carried on in accordance with the established procedure which requires that only one licensed to practice law may conduct proceedings in court for anyone other than himself.'" *Id.* (quoting *U.S.* v. *Onan*, 190 F.2d 1, 6 (8th Cir. 1951)); *U.S. ex rel. Hill* v. *City of Cincinnati Solicitor's Office*, 2012 WL 3309633, at *3 (S.D. Ohio July 11, 2012) ("[T]he courts that have considered the issue have uniformly held that *pro se* relators may not prosecute *qui tam* actions.").

The ERISA laws similarly create a "private right of action" for individuals to assert claims on behalf of retirement plans. *See Afridi* v. *National City Bank*, 509 F. Supp. 2d 655, 660 (N.D. Ohio 2007) ("The Employee Retirement Income Security Act . . . [creates] a private right of action . . . ."). And here too, courts have squarely held that plan participants are prohibited from using the statute to assert *pro se* claims on behalf of the plan. As the Ninth Circuit has explained: "In reviewing the ERISA legislation, it is clear that the statute authorizes a suit for individual redress; however, it does not authorize representative appearance by a *pro se* plaintiff." *Simon* v. *Hartford Life, Inc.*, 546 F.3d 661, 667 (9th Cir. 2008). To the contrary, "[i]t is well established that the privilege to represent oneself *pro se* provided by § 1654 is personal to the litigant and does not extend to other parties or entities." *Id.* at 664.

As these cases make clear, a litigant cannot assert a claim *pro se* on behalf of a third party whether or not a private right of action exists. Here, Olagues has purported to bring a claim "in the name and in behalf of Huntington," which is the real party in interest in this action. *See Blau* v. *Lamb*, 314 F.2d 618, 619 (2d Cir. 1963) ("[S]ince recovery [for a Section 16(b) claim] . . . is

for the corporation, it is the real party in interest and the stockholder plaintiff is but the mere vehicle of recovery."); *Fed. Deposit Ins. Corp.* v. *Am. Bank Trust Shares, Inc.*, 558 F.2d 711, 716 (4th Cir. 1977) (Section 16(b) claims "are not owned by the shareholders"). Because he purports to bring a claim on someone else's behalf, Olagues cannot proceed *pro se*. *See Zanecki* v. *Health All. Plan of Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014) (*pro se* claim cannot be asserted where a third party is the real party in interest).

**B.      Olagues is well aware of the prohibition against bringing representative litigation *pro se*.**

As described in defendants' opening papers, Olagues has previously been warned about the ban on bringing representative litigation *pro se*. In a Section 16(b) suit that he filed against the CEO of JPMorgan, Jamie Dimon, the SDNY issued an Order to Show Cause explaining to Olagues that his action was improper because "the right to proceed *pro se* does not permit an individual who is not licensed as an attorney to appear on behalf of another person or group of people." Def. Br. Ex. 17.

Olagues now says in his opposition that the SDNY Order does not mean what it says. Instead, he claims that the Court "assumed mistakenly that the Section 16(b) case was a derivative suit instead of a private right of action," and that the Court "accepted" his explanation "and allowed Olagues to proceed *pro se*." Opp. ¶¶ 13, 57. In an affidavit, Olagues adds that the SDNY "was happy with the correction" that it received from Olagues. Opp. Ex. 3 at 2. Olagues is brazenly misrepresenting facts to this Court.

The SDNY docket makes clear that the Court neither "accepted" Olagues's explanation nor "allowed him to proceed *pro se*." Opp. ¶ 13. While Olagues now tells this Court that he was permitted to proceed *pro se*, he fails to explain why, just *five days* after the SDNY held a conference regarding the Order to Show Cause, Olagues stopped proceeding *pro se* and counsel

appeared on his behalf. Ex. 1, Dkt. No. 17. Olagues's representation to this Court that the SDNY "accepted" his argument and "allowed him to proceed *pro se*" is just not true. Opp. ¶ 13.

After misstating the record in the *Dimon* matter, Olagues falsely represents to this Court that he "filed 3 Pro Se cases against Carl Icahn . . . for 16(b) violations and the same judge, Judge Wood [sic], did not dismiss these cases for lack of attorney." Opp. ¶ 14. Here again, the dockets for these three proceedings contradict Olagues's claims. Just three weeks after Olagues filed a *pro se* complaint in the first Icahn proceeding, *an attorney* filed an amended complaint on his behalf. *See* Ex. 2, Dkt. No. 2. That same attorney filed both complaints in the subsequent proceedings, where Olagues did not even *attempt* to proceed *pro se*. *See* Ex. 3, Dkt. No. 1; Ex. 4, Dkt. No. 1. Olagues's assertion that he "filed 3 Pro Se cases against Carl Icahn" and was permitted to proceed *pro se* by Judge Woods is simply false.

## C.    Olagues is abusing the judicial process.

Despite the overwhelming evidence showing that he is using Section 16(b) to extract improper fees for himself, Olagues tells this Court that he "earn[s] no part of the amounts recovered in any of [his] cases or other suits." Opp. ¶¶ 5, 21-22. Again, Olagues's claim is contrary to readily available evidence. Before filing this improper lawsuit, Olagues sent seven letters to Huntington seeking to be paid personally in exchange for agreeing not to bring baseless litigation. *E.g.*, Br. Ex 3 ("I [would be] happy to try to settle the 16 b matter for 10% of the amount recoverable . . . for my consulting services."). He sent similar demands for personal payment in the litigation he brought against Dimon. *E.g.*, Def. Br. Ex 10 (asking Dimon to "deduct[] 10% of the profits and send the 10% to me at the address below").

And just two months ago, defendants in a Section 16(b) proceeding brought by one of Olagues's acquaintances, J.D. Jordan, filed yet more letters showing Olagues and his colleague

shaking them down for a fee. In the first letter, Jordan threatened to file a lawsuit unless he was paid "a consulting fee of $20,000." Ex. 5. After filing the lawsuit, Jordan followed up with an email, copying Olagues — who he said was an "expert witness" who was "consulting on th[e] case" — and offered to drop the suit in exchange for "a consulting fee equal to 12% of the amount claimed." Ex. 6. Jordan promised that payment of the "consulting fee" would be part of "a confidential agreement that would provide a full and complete release to all of the defendants and the lawsuit [would] be dismissed with prejudice." *Id.* Nonetheless, Olagues tells this Court that he "earn[s] no part" of the money he seeks in Section 16(b) claims. Opp. ¶¶ 5, 21-22.

*          *          *

Neither this Court nor Huntington should be required to deal with Olagues and his serial misrepresentations any further. The law is clear: Olagues has no right to bring a representative claim *pro se* on behalf of Huntington. And his conduct of this litigation demonstrates that he is not fit to serve in a representational capacity. Olagues is not telling the truth to this Court about the warning that he received not to bring Section 16(b) litigation *pro se*, he is not telling the truth about the racket he has been running to extract nuisance payments from companies across the country, he is not telling the truth about his history of bringing frivolous and vexatious litigation, and he is not telling the truth about his criminal past. His complaint should be stricken.

## III.    CONCLUSION

For the foregoing reasons, plaintiff's complaint is defective, and it should be stricken in its entirety.

Dated:  April 28, 2017

/s/ Robert W. Trafford
Robert W. Trafford (0024447)
Trial Attorney
PORTER WRIGHT MORRIS & ARTHUR LLP
41 South High Street
Columbus, Ohio  43215
Telephone:  614-227-2149
Facsimile:  614-227-2100
Email:  rtrafford@porterwright.com

Stephen R. DiPrima
(admitted *pro hac vice*)
Benjamin D. Klein
(admitted *pro hac vice*)
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY  10019
Telephone:  212.403.1055
Facsimile:  212.403.2055
Email:  SRDiPrima@wlrk.com
Email:  BDKlein@wlrk.com

*Attorneys for Defendants*

## CERTIFICATE OF ELECTRONIC FILING

I hereby certify that on April 28, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ Robert W. Trafford
Robert W. Trafford (0024447)
Trial Attorney
PORTER WRIGHT MORRIS & ARTHUR LLP
41 South High Street
Columbus, Ohio 43215
Telephone:  614-227-2149
Facsimile:  614-227-2100
Email:  rtrafford@porterwright.com

*Attorneys for Defendants*