UNITED STATES DISTRICT COURT
DISTRICT OF OHIO



FILED
RICHARD W. NAGEL
CLERK OF COURT

2017 JUN 13 AM 11: 17

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST DIV. COLUMBUS

John A. Olagues, Pro Se
A shareholder of Huntington Bancshares Inc

        Plaintiff                   Private Right of Action
                                            Under Section 16 b of the
                                            Securities Act of 1934
                                            CIVIL ACTION No. 2: 17 CV 0049
        Versus                   Judge Sargus, Magistrate Judge Deavers

Stephen D. Steinour, CEO and Chairman
Of Huntington Bancshares Inc and
Huntington Bancshares Inc

        Defendants

### Reply to Defendant's Notice of Supplemental Authority

Attached is a Motion under FRCP 53 (e) with 4 exhibits that was mailed to the court in the Northern District Of Oklahoma June 8, 2017, in the case Olagues v. Richard Muncrief et al No. 17-CV-153-GKF-TLF. The attached Motion is to correct the Ruling that Plaintiff cannot proceed pro se in a Section 16 (b) case. The Court was misled by the attorneys there for defendants in their Motion to Strike.

The court in Tulsa Oklahoma should receive it June 12 or 13, 2017.

In Response to the Order that Mr. Trafford, attorney for Mr. Steinour et al. filed on June 8, 2017 in this case No. 2: 17 CV 0049 alleging that the Ruling was Supplemental Authority, Plaintiff files this response, which refutes completely the alleged Supplemental Authority.

1. The Judge in the Tulsa Case did not allow a response from Plaintiff Olagues prior to the order from Judge Gregory K. Frizzell which Mr. Trafford submitted here.

2. Olagues the Plaintiff in the Tulsa case will have filed and have served the FRCP 59(e) Motion prior to June 13, 2017.

3. The Motion under 59 (e) makes clear that several U.S. Supreme Court decisions endorse the fact that Plaintiff Olagues is allowed to file a Section 16 (b) Private Right of Action enforcing 16 (b). These decision by the U.S. Supreme court are consistent with the SEC's Release of August 2005, and are consistent with the foremost expert in the U.S on the topic Arnold Jacobs.

Respectfully Submitted:

John Olagues

UNITED STATES DISTRICT COURT
Northern District of Oklahoma

JOHN OLAGUES, Pro se,
a shareholder of WPX Energy Inc
413 Sauve Rd, River Ridge LA 70123
504-305-4071
olagues@gmail.com

Plaintiff

v.

Richard E. Muncrief Pres & CEO,
Dennis Cameron Gen. Counsel and
WPX Energy Inc.

Defendants

Private Right of Action
under Section 16 (b) of the
Securities Act of 1934
Civil Action No 4:17 -cv-00153-GKF-TWF

### Plaintiffs Motion under FRCP 59(e)

Plaintiff, John Olagues moves this court under Federal Rule of Civil Procedure 59 (e) to alter the Order of June 6, 2017 signed by Chief Judge Gregory K. Frizzell and reverse the decision not allowing Plaintiff to proceed pro se in this case.

Below are the reasons for the reversal pursuant to FRCP 59(e).

1. The Court cited the case Olagues v. Dimon No. 1.14-cv-4872-GHW (S.D.N.Y. August 28, 2014). The SDNY court ordered that he show cause why he be allowed to proceed pro se and not dismissed. Plaintiff Olagues showed cause why he should not be dismissed from proceeding pro se (see exhibit 1 containing the Plaintiff Olagues Response to Judge Wood's order to Show Cause and Judge

1

Wood's subsequent order after the hearing) and the court accepted the showing. It is 100% certain that the court did not dismiss Plaintiff and was not ordered to have an attorney representing him.

2. Since the case was 10 times as large as this one here, Plaintiff, Olagues shortly afterwards did hire an attorney, Jack Fruchter of Abraham, Fruchter and Twersky LLC although the Judge never did order Olagues to hire an attorney.

3. No other court prior to this order from this court ever declared that the plaintiff could not proceed Pro Se in a Section 16 (b) suit. Surely if one did take place the attorneys would be citing it in bold letters. The plaintiff here filed his first section 16 (b) case in California in 2006. He did it pro se and lost in the District Court and lost on Appeal in the Ninth Circuit. Neither the attorneys for defendant nor the Court Judge challenged Plaintiff's right to proceed pro se. Three Section 16 (b) suits were filed in the Southern District in New York in 2014 . None were dismissed for proceeding pro se, although in Olagues v. Dimon, the court ordered pro se plaintiff to show cause, which he did and was not dismissed. The Olagues v. Dimon case was later dismissed for other reasons, although there was an attorney representing plaintiff at the time. Other Section 16 (b) cases were filed in California, Florida, North Carolina, Washington, Colorado, Texas and Mass. In none was there a decision by a court denying the plaintiff's ability to proceed pro se.

4. Several U.S. Supreme Court decisions which I will cite below declared that the only standing requirement was that the Plaintiff be a shareholder at the time the suit was initiated. Of course the shareholder was required to request the issuer to seek recovery prior to filing suit to disgorge profits made by the insiders, which the Plaintiff did in this case and the issuer refused.

5. In no cases in any court did an attorney represent the issuer after the issuer refused to sue. If there was a shareholder seeking recovery of 16 (b) profits, when the issuer refused to file suit, the attorney was representing the shareholder.

6. Attorney for defendants cite the Gollust v. Mendell case , 501 U.S. 115, 127 where they claim the individual shareholder has "*no direct financial interest in the outcome of the litigation, since any recovery will inure to the issuer's benefit.*"

7. However the attorney fails to tell the court what the Supreme Court in the Gollust case said in the sentence following the part of the sentence that was quoted by the defendant's attorney. It said " *Yet the indirect interest derived through one share of stock is enough to confer standing, however slight the potential marginal increase in the value of the share*".

8. In addition the Supreme Court in Gollust v. Mendell said:

1(a) *Section 16(b) provides standing of signal breadth, expressly limited only by the conditions that the plaintiff be the "owner of [a] security" of the "issuer" at the time the suit is "instituted." Any "security" - including stock, notes, warrants, bonds, debentures, puts, and calls, 15 U.S.C. 78c(a)(10) - will suffice to confer standing. There is no restriction in terms of the number or percentage of shares, or the value of any other security, that must be held.*"
   And

3

*"To enforce this strict liability rule on insider trading, Congress chose to rely solely on the issuers of stock and their security holders. Unlike most of the federal securities laws, 16(b) does not confer enforcement authority on the Securities and Exchange Commission. It is, rather, the security holders of an issuer who have the ultimate authority to sue for enforcement of 16(b)." and*

*"If the issuer declines to bring a 16(b) action within 60 days of a demand **by a security holder,** or fails to prosecute the action "diligently," 15 U.S.C. 78p(b), then the **security holder** may "institut[e]" an action to recover insider short-swing profits for the issuer. Ibid."*

There is nothing in the language of this U.S. Supreme Court case where an attorney is required to represent the Plaintiff shareholder.

9. Plaintiff now quotes from to the U.S. Supreme Court Case:

**Reliance Electric Co. v. Emerson Electric 404 U.S. 418, 92 S. CT 596**

*"The history and purpose of 16 (b) have been exhaustively reviewed by federal courts on several occasions since its enactment in 1934. See, e. g., Smolowe v. Delendo Corp., 136 F.2d 231; Adler v. Klawans, 267 F.2d 840; Blau v. Max Factor & Co., 342 F.2d 304. Those courts have recognized that the only method Congress deemed effective to curb the evils of insider trading was a flat rule taking the profits out of a class of transactions in which the possibility of abuse was believed to be intolerably great. As one court observed:*
*"In order to achieve its goals, Congress chose a relatively arbitrary rule capable of easy administration. The objective standard of Section 16 (b) imposes strict liability upon substantially all transactions occurring within the statutory time period, regardless of the intent of the insider or the existence of actual speculation. **This approach maximized the ability of the rule to eradicate speculative abuses by reducing difficulties in proof.** Such arbitrary and sweeping coverage was deemed necessary to insure the optimum prophylactic effect." Bershad v. McDonough, 428 F.2d 693, 696. And*

4

**10. Plaintiff cites another Supreme Court case in support**

**Warth v. Seldin 422 U.S. 490 (1975)** *"Moreover, Congress may grant an express right of action to persons who otherwise would be barred by prudential standing rules. Of course, Art. III's requirement remains: the plaintiff still must allege a distinct and palpable injury to himself, even if it is an injury shared by a large class of other possible litigants. E.g., United States v. SCRAP, 412 U. S. 669 (1973). But so long as this requirement is satisfied, persons to whom Congress has granted a right of action, either expressly or by clear implication, may have standing to seek relief on the basis of the legal rights and interests of others, and, indeed, may invoke the general public interest in support of their claim. E.g., Sierra Club v. Morton, supra at 405 U. S. 737; FCC v. Sanders Radio Station, 309 U. S. 470, 309 U. S. 477 (1940)."*

11. In addition to the U.S. Supreme decisions we have the SEC affirming in the August 9, 2005 SEC Release [RELEASE NOS. 33-8600; 34-52202; 35-28013; IC-27025; File No. S7-27-04] on pages 1 and 3 that this proceeding is a private right of action. See Exhibit 2.

In addition we have the foremost expert on Section 16 (b) in the United States, Arnold S. Jacobs stating that Congress created an express private right of action and that applies to all Section 16 (b) cases. He explains that a suit under 16 (b) is not a derivative suit.

Arnold Jacobs states:

*"The cause of action is not derivative at all; rather it is one possessing an independent statutory origin. Therefore procedural restrictions on derivative suits do not burden Section 16 (b) actions"*

See Exhibit 3 containing 7 pages that are by Arnold Jacobs support the position of the Plaintiff here.

5

12. Attorneys for Defendants claim that Olagues was a "vexatious litigant" but do not show any of the "vexatious litigation". The litigation that the attorneys call vexatious dealt with Plaintiff trying to file petitions in Federal Court to correct the illegal arrests of himself and the kidnapping of his children, which were later admitted by the Marin County DDA in court to be based on perjured documents filed by the Marin DDA, his Investigator, and the attorney for Plaintiff's ex-wife.

Plaintiff can supply all the evidence necessary to prove the fraud on the court carried out against him in the California Courts and Louisiana Courts.

13. This incident of the attorneys for defendants deceiving the court as shown above, by making the court believe that a New York Federal Court ruled that Plaintiff was required to have an attorney in a section 16 (b) case is just part of the deception of this court. They also omitted the second sentence in the Gollust v. Mendell case and completely ignored the other Supreme Court cases and the opinion of the country's foremost expert on the issuer of standing on the issue.

14. In addition to the deception above, they have supplied exhibits that clearly illustrate deceptions on the SEC Form 4 that were filed. These filings do not state that the dispositions to the issuer were exempt from Section 16 (b) via approvals under SEC Rule 16 b-3(e) as they later claim in letters to plaintiff and in this court. They chose to enter Code "F" instead of Code "D" in column 3 of Table I. Code "F" does not indicate that the dispositions to the issuer were exempt from Section 16 (b) via SEC Rule 16 b-3(e). The entering of Code "D" would claim that the disposition to the issuer was exempt from 16 (b) via Rule 16 b-3 (e). See Exhibit 4.

15. The reason that they entered Code "F" instead of Code "D" on the SEC Form 4 in column 3 of Table I, but later claimed in letters to plaintiff that the dispositions were exempt from 16 (b) via approvals pursuant to SEC Rule 16 b-3(e), is because making an intentional misstatement or omission on the Form 4 is a violation of Title 18 Section 1001. But making a false statement in a letter to plaintiff or in a filing in this court is not a felony.

Respectfully submitted;

*John Olagues*
John Olagues          June 9, 2017