IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN A. OLAGUES, | : |
| | : |
| Plaintiff, | : Case No. 2:17-CV-49 |
| | : |
| v. | : JUDGE ALGENON L. MARBLEY |
| | : |
| | : Magistrate Judge Deavers |
| STEPHEN D. STEINOUR, *et al.* | : |
| | : |
| Defendants. | : |

## OPINION & ORDER

This matter is before the Court on the Defendants' Motions to Strike Plaintiff's Procedurally Improper Complaint (ECF. No. 5). For the reasons stated below, Defendants' motion is **GRANTED**. Plaintiff is directed to cause counsel to file an Amended Complaint that complies with this Order within thirty (30) days hereof. Failure to do so will result in dismissal of this case without prejudice.

## I. BACKGROUND

Plaintiff, a shareholder of Defendant Huntington Bancshares Inc. ("Huntington"), brings this action against Huntington and Defendant Stephen Steinour, the President and CEO of Huntington. (ECF No. 1). Plaintiff alleges that a series of stock transactions conducted by Steinour from 2014 to 2016 violate Section 16(b) of the Securities Exchange Act of 1934, which requires company insiders to disgorge any profits earned through short-swing trading. (*Id.* at ¶¶ 2, 4, 9). Through his suit, Plaintiff seeks to recover $367,847 "for the firm, Huntington Bancshares Inc." (*Id.* at ¶¶ 6, 21).

1

## II. STANDARD OF REVIEW

A court can strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Additionally, courts have inherent power to control their dockets, which entails the power to strike a document or a portion of a document. *See Zep Inc. v. Midwest Motor Supply Co.*, 726 F. Supp. 2d 818, 822 (S.D. Ohio 2010); *see also Kirk v. Muskingum Cty. Ohio*, No. CIV. A. 2:09-CV-0583, 2010 WL 3719286, at *2 (S.D. Ohio May 24, 2010), *report and recommendation adopted as modified*, No. 2:09-CV-00583, 2010 WL 3702581 (S.D. Ohio Sept. 17, 2010) (granting Defendants' Motion to Strike First Amended Complaint that was filed untimely); *Alpha Co-op. Enterprises, Inc. v. Frognet DSL, LLC*, No. 2:04-CV-749, 2005 WL 1629775, at *2–3 (S.D. Ohio July 5, 2005) (granting motion to strike third party complaint when party was joined improperly as a third party defendant). "A court has broad discretion in determining whether to grant a motion to strike." *McKinney v. Bayer Corp.*, No. 10-CV-224, 2010 WL 2756915, at *1–2 (N.D. Ohio July 12, 2010); *see also Sheets v. U.S. Bank, Nat. Ass'n*, No. 14-CV-10837, 2014 WL 5499382, at *2 (E.D. Mich. Oct. 30, 2014) ("[C]ourts have liberal discretion to strike inappropriate filings.").

## III. ANALYSIS

Federal law permits a party to "plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. Plaintiffs, however, are "not permit[ted] to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). In other words, "a nonlawyer can't handle a case on behalf of anyone except himself." *Zanecki v. Health All. Plan of Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014) (internal quotations omitted). Indeed, "courts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity." *Simon v. Hartford Life,*

*Inc.*, 546 F.3d 661, 664–65 (9th Cir. 2008) (collecting cases). Thus, courts have barred *pro se* plaintiffs from bringing *qui tam* actions on behalf of the United States Government, *Stoner et al v. Santa Clara County Office of Education, et al*, 502 F.3d 1116, 1126–27 (9th Cir. 2007), *pro se* prisoners from maintaining class actions, *Damron v. Sims*, No. 2:09-CV-50, 2010 WL 2671277, at *1 (S.D. Ohio June 30, 2010), and *pro se* plaintiffs from representing corporations, *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006). The rule barring *pro se* plaintiffs from bringing causes of action on behalf of others is designed to "protect[] the rights of those before the court by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent." *Zanecki*, 576 F. App'x at 595 (internal quotations omitted).

Section 16(b) of the Securities and Exchange Act of 1934 ("Section 16(b)"), prohibits insiders, in certain circumstances, from making short-swing profits. *See* 15 U.S.C.A. § 78p(b). The statute authorizes the issuer to bring suit against an insider to disgorge the short-swing profits obtained improperly. *Id.* If the issuer "refuse[s] to bring . . . suit within sixty days after request" or "fail[s] diligently to prosecute" the suit, shareholders are authorized to bring suit "in the name and in behalf of the issuer." *Id.* A shareholder who brings suit "will have no direct financial interest in the outcome of the litigation, since any recovery will inure only to the issuer's benefit." *Gollust v. Mendell*, 501 U.S. 115, 127 (1991). Thus, "[i]t is well settled that, since recovery is for the corporation, it is the real party in interest and the stockholder plaintiff is but the mere vehicle of recovery." *Blau v. Lamb*, 314 F.2d 618, 619–20 (2d Cir. 1963) (internal quotations omitted).

In *Phillips v. Tobin*, the Second Circuit addressed the question of whether a plaintiff could proceed *pro se* in a stockholder's derivative suit alleging violations of different provisions of the Securities Exchange Act of 1934. 548 F.2d 408, 411 (2d Cir. 1976). The Court

recognized that "[c]ourts have repeatedly held that the substantive right in a stockholder's derivative suit is that of the corporation, and not that of the stockholders." *Id.* (internal quotations omitted). Reasoning that a derivative action is "a mere procedural device to enforce the corporate claim," the Court held that "[s]ince a corporation may not appear except through an attorney, likewise the representative shareholder cannot appear without an attorney." *Id.* Thus, the Second Circuit reversed the lower court's order allowing the plaintiff to prosecute the suit *pro se*. *Id.* at 415.

In the instant Motion, Defendants argue that Plaintiff cannot appear *pro se* because the suit is on behalf of Huntington and his claim implicates interests other than his own. (ECF No. 6). Defendants correctly state the law.[1] The real party in interest in this case is Huntington, and Plaintiff brings the action on its behalf. Indeed, Plaintiff acknowledged in his complaint that any recovery he obtains will go to Huntington. *See* ECF No. 1 at ¶ 6 ("Plaintiff seeks to "obtain a recovery for the firm, Huntington Bancshares Inc"); *see also* ECF No. 9 at ¶ 8 ("In this 16(b) suit . . . there is just one beneficiary, it is Huntington Bancshares."). Thus, Plaintiff's ability to bring a lawsuit under Section 16(b) is a "mere procedural device to enforce the corporate claim." *Phillips*, 548 F.2d at 411. As such, Plaintiff cannot proceed *pro se*. *See Shepherd*, 313 F.3d at 970-71 (holding plaintiffs could not proceed *pro se* on behalf of decedent's minor child or decedent's estate in § 1983 claim against officer that fatally shot decedent).

---

[1] While Defendants correctly state the law, the Court notes that Defendants' reliance on *Cavanaugh ex rel. Cavanaugh v. Cardinal Local Sch. Dist.*, 409 F.3d 753, 755 (6th Cir. 2005) is questionable, given that the Supreme Court cast doubt on its continuing validity in *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). *Cavanaugh* held that *pro se* parents could not bring a claim against a school district under the Individuals with Disabilities in Education Act ("IDEA") on behalf of a child. 409 F.3d at 756. The *Cavanaugh* Court rejected the parents' alternate argument that parents have their own substantive rights under IDEA. *Id.* at 757. In *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, the Supreme Court abrogated *Cavanaugh* on the grounds that IDEA provides independent, enforceable rights for parents. 550 U.S. 516, at 533 (2007).

4

Plaintiff tries to save his complaint by arguing that the suit is a private right of action under Section 16(b), not a representative action or derivative action on behalf of the shareholders. (ECF No. 9 at ¶¶ 9, 13, 55). The issue, however, is not who Plaintiff is acting on behalf of—it is that he is acting on behalf of another entity in the first place. While Plaintiff is correct that he is not acting on behalf of the *shareholders* of Huntington, he is still acting on behalf of an entity—Huntington itself. Having a private right of action just means that an individual, rather than the SEC, can sue to enforce the provisions of Section 16(b). While Plaintiff has a private right of action to sue, he is still suing on behalf of another entity—the issuer—under the statute. Thus, he cannot appear *pro se*.

Plaintiff also argues that he has brought numerous other *pro se* cases alleging violations of Section 16(b) and no other court or attorney suggested that he could not appear *pro se*. (ECF No. 9 at ¶¶ 6, 15, 16, 17, 18, 26). This argument is unpersuasive for several reasons. First, it is no longer true. In *Olagues v. Muncrief, et al.*, No. 17-cv-153 (N.D. Ok. June 6, 2017), the Court decided this exact issue. *See* ECF No. 22. The Court found that Plaintiff's suit under Section 16(b) was "representative in nature" and held that he could not proceed *pro se*. *Muncrief*, No. 17-cv-153, ECF No. 16. Thus, the Court ordered Plaintiff to filed an Amended Complaint through counsel. *Id.* Second, contrary to Plaintiff's contention, it is not clear from the record that the Southern District of New York allowed him to proceed *pro se* in *Dimon*.[2] There, in a

---

[2] Plaintiff filed a Request for Judicial Notice (ECF No. 10) asking the Court to take judicial notice of three filed documents in the *Dimon* case (ECF Nos. 4, 10, 16) and an affidavit regarding other legal actions. Defendants object to his characterization of the documents filed in *Dimon*, but not to the Court considering the filed documents. (ECF No. 21 at 3). Defendants also object to the Court taking judicial notice of the affidavit. (*Id.* at 4). Judicial notice is appropriate if a fact "is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b). Under this rule, the Court **GRANTS** Plaintiff's request to take judicial notice of the *Dimon* filings because the accuracy of the filings cannot reasonably be questioned, but **DENIES**

similar Section 16(b) suit, the Court ordered Plaintiff to show cause as to why his action should not be dismissed for lack of counsel. *Olagues v. Dimon, et al.*, No. 14-cv-4872, ECF No. 4. Plaintiff responded to the show cause order, ECF No. 10, but it is not clear from the docket that the Court ever made a definitive ruling on the issue. Instead, Plaintiff obtained counsel. *See id.* at ECF No. 17. Finally, from the record before this Court, the remaining cases cited by Plaintiff do not appear to have addressed directly the issue of whether Plaintiff should be allowed to proceed *pro se*. The mere fact that he was allowed to appear *pro se*, when his appearance was not challenged by defense counsel, is of no consequence here.[3]

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion to Strike (ECF No. 5) is **GRANTED**. Plaintiff is directed to obtain counsel and file an Amended Complaint by and through counsel within thirty (30) days of issuance of this order. A failure to do so shall result in dismissal of this case without prejudice. Plaintiff's first Request for Judicial Notice (ECF Nos. 10) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs second Request for Judicial Notice (ECF No. 11), as well as Plaintiff's Motion for Summary Judgment (ECF No. 13) and third and fourth Requests for Judicial Notice (ECF Nos. 14, 19), are hereby **MOOT**.

**IT IS SO ORDERED.**

---

Plaintiff's request to take judicial notice of his own affidavit, which contains information not readily known in the jurisdiction and information that cannot be readily verified.

[3] The Court notes that Plaintiff filed a second Request for Judicial Notice the same day he filed his Response to the Motion to Strike and his first Request for Judicial Notice. (ECF No. 11). All of the matters of which he is requesting judicial notice relate to an apparent prosecution of Plaintiff stemming from alleged crimes in California. Because the Court does not find any of the issues relevant to its decision on the Motion to Strike, it need not rule on the merits of the Request for Judicial Notice and it is hereby **MOOT**.

/s/ Algenon L. Marbley
ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE

**DATED: January 4, 2018**