UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT of OHIO
Eastern Division

John A. Olagues, Pro Se
413 Sauve Rd.
River Ridge, La. 70123
olagues@gmail.com
504-305-4071

    Plaintiff

2:17-cv-49

Private Right of Action
Under Section 16 (b) of the
Securities Act of 1934
Civil Action no.17 -cv-0049

    Versus

Stephen D. Steinour Pres. and CEO
Huntington Bancshares Inc.

    Defendants

**Motion for Relief under FRCP 60 (b)(1) to Amend Judgment and allow plaintiff as a shareholder to enforce section 16 (b) of the 1934 Act.**

1. The Securities Exchange Commission stated in a Release that a suit under Section 16 (b) of the 1934 Securities Exchange Act is a private right of action. See **Exhibit 1** pagers 1-3 of the Release and Arnold Jacobs, the foremost expert in the United States agrees with the SEC.

2. Attached is the Biography of Arnold S. Jacobs, the foremost expert on the issue before this Court here: See **Exhibit 2.** Attached are parts of Mr. Jacobs 2017 Edition of SECTION 16 OF THE SECURITIES ACT , pages 336, 591,593,594,595

See **Exhibit 3**

3. Both the SEC and Arnold Jacobs state that a suit to enforce section 16 (b) of the 1934 Securities Exchange Act is a Private Right of Action not a derivative action.

1

Below are paragraphs from pages 1-3 of the

**Securities Exchange Commission**

**17 CFR Parts 228,229,and 240 Release NOS 33-8600; 34-52202; 35-28013; IC 27025; File No. S7-27-04**

Page 1

**OWNERSHIP REPORTS AND TRADING BY OFFICERS, DIRECTORS AND PRINCIPAL SECURITY HOLDERS AGENCY:**

**Securities and Exchange Commission. ACTION: Final rule.**

**SUMMARY:** We are adopting amendments to two rules that exempt certain transactions from the **private right of action** to recover short-swing profit provided by Section 16(b) of the Securities Exchange Act of 1934. The amendments are intended to clarify the exemptive scope of these rules, consistent with statements in previous Commission releases. We also are amending Item 405 of Regulations S-K and S-B to harmonize this item with the two-business day Form 4 due date and mandated electronic filing and Web site posting of Section 16 reports.

Page 3

"Section 16(b) provides the issuer (or **shareholders** suing on behalf of the issuer) **a private right of action** to recover from an insider any profit realized by the insider from any purchase and sale (or sale and purchase) of any equity security of the issuer within any period of less than six months. This statute is designed to curb abuses of inside information by insiders. Unlike insider trading prohibitions under general antifraud provisions, Section 16(b) operates without consideration of whether an insider actually was aware of material non-public information. Section 16(b) operates strictly, providing **a private right of action** to recover short-swing profits by insiders, on the theory that short-swing transactions (a purchase and sale within six months) present a sufficient likelihood of involving abuse of inside information that a strict liability prophylactic approach is appropriate." End of SEC paragraph........

A 16(b) suit is a private right of action, as stated by the SEC. This characterization is consistent with section 16(b) and has never been challenged in any court.

Below is a copy of section 16 (b) of the Securities Exchange Act of 1934:

*"(b) For the purpose of preventing the unfair use of information which may have been obtained by such beneficial owner, director, or officer by reason of his relationship to the issuer, any profit realized by him from any purchase and sale, or any sale and purchase, of any equity security of such issuer (other than an exempted security) or a security-based swap agreement involving any such equity security within any period of less than six months, unless such security or security-based swap agreement was acquired in good faith in connection with a debt previously contracted, shall inure to and be recoverable by the issuer, irrespective of any intention on the part of such beneficial owner, director, or officer in entering into such transaction of holding the security or security-based swap agreement purchased or of not repurchasing the security or security-based swap agreement sold for a period exceeding six months.*

***Suit to recover such profit may be instituted at law or in equity in any court of competent jurisdiction by the issuer, or by the owner of any security of the issuer in the name and in behalf of the issuer if the issuer shall fail or refuse to bring such suit within sixty days after request or shall fail diligently to prosecute the same thereafter;*** *but no such suit shall be brought more than two years after the date such profit was realized.*

*This subsection shall not be construed to cover any transaction where such beneficial owner was not such both at the time of the purchase and sale, or the sale and purchase, of the security or security-based swap agreement or a security-based swap involved, or any transaction or transactions which the Commission by rules and regulations may exempt as not comprehended within the purpose of this subsection."*
***End of Section 16 (b).***

The following paragraph from Arnold Jacobs  **Exhibit 3** in his  SECTION 16 OF THE SECURITIES ACT (2017 ED.) 3.1 AT P. 336  and at  at 3.35 at page 592 is below

**"While this cause of action has some attributes of a derivative suit (for instance, a security holder can sue and the recovery flows to the corporation), the cause of action is not derivative at all: rather , it is one possessing an independent statutory origin.**

**Therefore , procedural restrictions on derivative suits do not burden Section 16 (b) actions. We treat later a number of procedural issues relating to the private right of action such as capacity and standing to sue".**

3

On Pages 594 and 595 of the Jacobs 2017 Edition we find the following:

"Section 16 (b) specifically empowers two plaintiffs to sue. First, it states " Suit to recover such profit may be instituted at law or in equity… by the issuer." This presents no real interpretative problem. **Second, Section 16 (b) provides "Suit to recover such profit may be instituted at law or in equity… by the owner of any security of the issuer"… "The only textual restriction on standing to sue is that the plaintiff must be owner of a security of the issuer at the time the suit is instituted"**

In the case **Schaffer Ex Rel. Lasersight Incorporated v. Cc Investments, Ldc, 286 F. Supp. 2d 279 (S.D.N.Y. 2003)**, the court declared that the 16 (b) suit was not a "derivative suit". See Exhibit 4. Below is a paragraph from Schaffer Ex Rel:

**"However, although some courts use the term "derivative" to describe § 16(b) lawsuits, under the pure application of the concept, a § 16(b) action is not a derivative action in the way that a typical shareholder derivative action is.** See Dottenheim v. Murchison, 227 F.2d 737, 738 (5th Cir. 1955). And

**("[Section 16(b)] creates a new cause of action, which, while similar in some respects to a secondary or derivative right, is not such a right at all.")**; Blau v. Oppenheim, 250 F.Supp. 881, (S.D.N.Y.1966)" where the court stated

a. "Just as the Supreme Court has not hesitated to give strained meaning to a word "in the candid service of avoiding a serious constitutional doubt,"so, too, the courts have not hesitated to define words broadly to assure the legislative purpose where otherwise a strict or literal definition would have defeated the purpose. The courts, particularly in our circuit, have consistently interpreted section 16(b) in "the broadest possible" terms in order not to defeat its avowed objective, resolving all doubts and ambiguities against insiders."

b. **"Preliminarily it should be emphasized that strictly speaking a section 16(b) suit to recover short-swing profits is not derivative, although some of the cases so describe it**, but one to enforce a primary right created by the Act in favor of the issuer as well as its security holders. The issuer, by reason of this right of action, is the "instrument, sometimes unwilling," for enforcing the statutory policy. And when the issuer fails to assert the right, the security holder may enforce it."

4

Also in **Warth v. Seldin 422 U.S. 490 (1975)** *the Supreme Court said*

*"Moreover, Congress may grant an **express right of action** to persons who otherwise would be barred by prudential standing rules. Of course, Art. III's requirement remains: the plaintiff still must allege a distinct and palpable injury to himself, even if it is an injury shared by a large class of other possible litigants. E.g., United States v. SCRAP, 412 U. S. 669 (1973). But so long as this requirement is satisfied, persons to whom Congress has granted a right of action, either expressly or by clear implication, may have standing to seek relief on the basis of the legal rights and interests of others, and, indeed, may invoke the general public interest in support of their claim. E.g., Sierra Club v. Morton, supra at 405 U. S. 737; FCC v. Sanders Radio Station, 309 U. S. 470, 309 U. S. 477 (1940)."*

In neither Section 16 (b) of the 1934 Act, nor in the SEC expressed statement in the Release NOS 33-8600; 34-52202; 35-28013; IC 27025; File No. S7-27-04 page 3, nor in the Arnold Jacobs expressed view, nor the several cases in the Schaffer Ex Rel case 286 F.Supp.2d 279 (2003), nor in Warth v. Seldin 422 U.S. 490 (1975) is it stated or suggested that the shareholder is required to have an attorney representing him in the Section 16 (b) suit. They all say that a 16 (B) suit is a private right of action not a derivative suit.

And the U.S. Supreme Court decision in Gollust v. Mendell 501 U.S. 115, 122-123 S. Ct 2173 stated :

" **The only textual restriction on standing to sue is that the plaintiff must be owner of a security of the issuer at the time the suit is instituted**".....To enforce this strict liability rule on insider trading, Congress chose to rely solely on the issuers of stock and their security holders."

"Unlike most of the federal securities laws, 16(b) does not confer enforcement authority on the Securities and Exchange Commission. It is, rather, **the security holders** of an issuer who have the ultimate authority to sue for enforcement of 16(b). If the issuer declines to bring a 16(b) action within 60 days of a demand by a security holder, or fails to prosecute the action "diligently," 15 U.S.C. 78p(b), then the **security holder** may "institut[e]" an action to recover insider short-swing profits for the issuer. Ibid." Gollust v. Mendell 501 U.S. 115, 122-123 S. Ct 2173"

The 16 (b) Statute itself provides that "Suit to recover such profits may be instituted at law or in equity by the owner of any security of the issuer".

5

Section 16 (b) creates an **express private right of action** and is not a derivative suit as some opinions have referred to a Section 16 (b) suit as a derivative action".

Arnold Jacobs states " Some opinions refer to a Section 16 (b) lawsuit as a derivative action. But every thoughtful case addressing the issue concludes that a section 16 (b) suit is not a derivative action". See attached the Arnold S. Jacobs 2017 Edition Section 16 of the Securities Act pages 591-595. **Exhibit 3**

If Plaintiff hired an attorney to represent him in this **private right of action** section 16 (b) case, the attorney would be representing the Plaintiff, and the Plaintiff's status would not change as the Plaintiff would be merely enforcing Section 16 (b) exactly as what he was doing without an attorney.

The attorney would not be representing the insiders or the issuer. The attorney would be representing the Plaintiff.

**In summary**

**The narrowing of the remedy provided in section 16(b) does not comport with the principle of construction enunciated by the Supreme Court in Reliance Electric Co. v. Emerson Electric Co. 404 U.S. 418, 92 S. Ct. 596, 30 L. Ed. 2d 575 (1972). There, the Court clearly set forth that:**

"In order to achieve its goals, Congress chose a relatively arbitrary rule capable of easy administration. The objective standard of Section 16 (b) imposes strict liability upon **substantially all transactions occurring within the statutory time period,** regardless of the intent of the insider or the existence of actual speculation. This approach maximized the ability of the rule to eradicate speculative abuses by reducing difficulties in proof. Such arbitrary and sweeping coverage was deemed necessary to insure the optimum prophylactic effect." Bershad v. McDonough, 428 F.2d 693, 696.

And in the same case **Supreme Court in Reliance Electric Co. v. Emerson Electric Co. 404 U.S. 418, 92 S. Ct. 596, 30 L. Ed. 2d 575 (1972)** , the court said that:

"To be sure, where alternative constructions of the terms of 16 (b) are possible, those terms are to be given the construction that best serves the congressional purpose of curbing short-swing speculation by corporate insiders."

Respectfully Submitted

*John Olagues*
John Olagues
413 Sauve Rd
River Ridge La. 70123           olagues@gmail.com
504-305-4071

Jan 22, 2018

7