### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

John A. Olagues,

                    *Plaintiff*,

    v.

Stephen D. Steinour *et al*.,

                  *Defendants.*

Case No. 17-cv-0049

Judge Algenon L. Marbley

Magistrate Judge Elizabeth Preston Deavers

**OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

Consistent with his extended history of vexatious and harassing litigation practice, *pro se* litigant John Olagues has filed a frivolous motion under Rule 60(b) to set aside this Court's January 4, 2018 Order striking his complaint and directing him to retain counsel within 30 days or face dismissal.  Rather than engaging counsel in response to the Court's decision, Olagues has brought a motion that any lawyer would have advised was unfounded and should not be filed. Olagues does not raise a single new argument—instead, he repeats the meritless claim that he should be allowed to proceed *pro se* because Section 16(b) contains a private right of action.  But Olagues *fails to even acknowledge* that this Court thoroughly considered and properly rejected that argument in its opinion.  And as this Court has admonished, a motion for reconsideration under Rule 60(b) is "not intended as an opportunity to re-litigate issues previously considered." *Scooter Store, Inc.* v. *SpinLife.com, LLC*, 2012 WL 4498904, at \*3 (S.D. Ohio Sept. 28, 2012) (Marbley, J.).

That is all that the motion does here, and it should be rejected.  Olagues has not hired counsel within the 30-day window provided by the Court, and the case should be closed.

I.    ARGUMENT

Olagues has moved for reconsideration under Rule 60(b)(1), which allows a party to seek relief from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1).  This Court has repeatedly cautioned that Rule 60(b) motions conflict with the "public policy favoring finality of judgments." *CitiMortgage, Inc.* v. *Nyamusevya*, 2015 WL 1000444, at *5 (S.D. Ohio Mar. 5, 2015) (Marbley, J.).  As a result, "relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Ohio Midland, Inc.* v. *Proctor*, 2012 WL 580407, at *1 n.1 (S.D. Ohio Feb. 22, 2012) (Marbley, J.).

On January 4, this Court issued a seven-page Opinion and Order holding that federal law bars Olagues from asserting a *pro se* Section 16(b) claim on behalf of Huntington. Dkt. 27.  As the Court explained:  "Federal law permits a party to 'plead and conduct their own cases personally or by counsel.'  28 U.S.C. § 1654.  Plaintiffs, however, are 'not permit[ted] to appear *pro se* where interests other than their own are at stake.'  *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002)." *Id.* at 2.  Because the "real party in interest in this case is Huntington, and Plaintiff brings the action on its behalf … Plaintiff cannot proceed *pro se*." *Id.* at 4.

This Court's eminently correct decision was grounded in the text of § 1654, which the Sixth Circuit has explained "impose[s] a barrier on *pro se* litigants wishing to appear on behalf of 'another person or entity,' including a corporation." *Bass* v. *Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015).  And it was also supported by a multitude of federal authority prohibiting *pro se* litigants from asserting representative claims.  As this Court explained in its ruling:  "'courts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity.' *Simon v. Harford Life, Inc.*, 546 F.3d 661, 664–65 (9th Cir. 2008) (collecting cases).  Thus, courts have barred *pro se* plaintiffs from bringing *qui*

2

*tam* actions on behalf of the United States Government, *pro se* prisoners from maintaining class actions, and *pro se* plaintiffs from representing corporations." Dkt. 27 at 2–3 (citations omitted).

If that were not enough, the Court's Order is also consistent with decisions by at least three *other* federal courts, which have uniformly barred Olagues from asserting Section 16(b) claims *pro se*. *Olagues* v. *Muncrief*, Dkt. 16, No. 17-0153 (N.D. Ok. June 6, 2017) (striking *pro se* Section 16(b) complaint); *Olagues* v. *Timken*, Dkt. 17, No. 17-1870 (N.D. Ohio Jan. 3, 2018) (striking *pro se* Section 16(b) complaint and dismissing action); *Olagues* v. *Ravich*, Dkt. 16, No. 17-0938 (C.D. Cal. Jan. 5, 2018) (dismissing *pro se* Section 16(b) action under local rules).

In the face of this overwhelming authority, Olagues persists in arguing that this Court's decision was faulty. But his motion papers offer nothing to support that contention. Olagues's brief does not contain a *single reference* to this Court's decision. Dkt. 28. He does not address any of the authorities cited in the Court's opinion, nor does he specify what he thinks was wrong in the Court's analysis. Instead, he repeats the assertion that Section 16(b) creates a "private right of action," and suggests that should somehow allow him to proceed *pro se*. *Id.* But whether a statute creates a private right of action has nothing to do with whether that cause of action can be asserted *pro se*. And numerous courts have barred *pro se* plaintiffs from asserting representative private rights of action. *E.g.*, *U.S.* v. *Flaherty*, 540 F.3d 89 (2d Cir. 2008) (*pro se* litigant barred from asserting representative claim under FCA's private right of action).

Although ignored by Olagues, this Court already considered and properly rejected the exact argument he is now raising. As the Court explained in ruling on the motion to strike:

> Plaintiff tries to save his complaint by arguing that the suit is a private right of action under Section 16(b), not a representative action or derivative action on behalf of the shareholders. (ECF No. 9 at ¶¶ 9, 13, 55). The issue, however, is not who Plaintiff is acting on behalf of—it is that he is acting on behalf of another entity in the first place. While Plaintiff is correct that he is not acting on behalf of the *shareholders* of Huntington, he is still acting on behalf of an entity—

> Huntington itself.  Having a private right of action just means that an individual, rather than the SEC, can sue to enforce the provisions of Section 16(b).  While Plaintiff has a private right of action to sue, he is still suing on behalf of another entity—the issuer—under the statute.  Thus, he cannot appear *pro se*.

Dkt. 27 at 5.  Olagues does not even *mention* the Court's analysis of this issue in his Rule 60(b) motion, and he offers no basis to believe that the Court's conclusion—which is in accord with every other federal decision to have considered this question—was wrong in any respect.

Instead of making a serious request for judicial relief, Olagues's motion is nothing more than a reflexive response to a decision he does not like.  Indeed, Olagues has filed substantially similar motions for reconsideration in response to *every one* of the three other decisions striking his *pro se* Section 16(b) complaints.  *See Olagues* v. *Muncrief*, Dkt. 17, No. 17-0153 (N.D. Ok. June 12, 2017); *Olagues* v. *Timken*, Dkt. 19, No. 17-1870 (N.D. Ohio Jan. 9, 2018); *Olagues* v. *Ravich*, Dkt. 17, No. 17-0938 (C.D. Cal. Jan. 29, 2018).  As a result of his intransigence, Olagues is requiring four different federal courts to tell him the same thing *eight different times*—he cannot assert a Section 16(b) claim *pro se*.

While this serial motion practice may be excusable for an ordinary *pro se* litigant in an ordinary case—Olagues is no ordinary *pro se* litigant and this is not an ordinary case.  As described in defendants' briefing on the motion to strike, Olagues is engaged in an ongoing scheme in which he threatens companies across the country with meritless Section 16(b) lawsuits in the hope that they will pay him nuisance fees in exchange for going away.  *See* Dkt. 6.  Before filing this suit, Olagues sent Huntington half a dozen letters demanding to be personally paid a "consulting fee"—which he is *prohibited* from receiving by law—in exchange for agreeing not to bring this meritless action.  *Id.* at 5–7.  Public filings show that Olagues has made similar demands for money to many other companies in the past.  *See, e.g.*, *id.* at 15–16; Dkt. 18 at 7–8.  And while these filings offer a glimpse into Olagues's interactions with the handful of companies

4

that have refused to pay him off, an unknown number of companies have likely been pressured into paying Olagues a tribute and remain invisible to the Court.[1]

Incredibly, despite the judicial decisions piling up against him, Olagues is brazenly continuing to pursue his racket. In the four months *after* a federal judge told him that he was barred from asserting a Section 16(b) claim *pro se*, *see Olagues* v. *Muncrief*, Dkt. 16, No. 17-0153 (N.D. Ok. June 6, 2017), Olagues filed at least four brand new *pro se* Section 16(b) actions, *see Olagues* v. *Garrabrants*, No. 17-2217 (S.D. Cal. Oct. 30, 2017); *Olagues* v. *Dickerson*, No. 17-4800 (N.D. Cal. Aug. 17, 2017); *Olagues* v. *Armstrong*, No. 17-2431 (S.D. Tex. Aug. 8, 2017); *Olagues* v. *Remondi*, No. 17-1004 (D. Del. July 24, 2017). The dockets in these cases contain no indication that Olagues has informed the courts that four federal judges have prohibited him from asserting Section 16(b) claims *pro se*.

As these filings make clear, the purpose of this motion is not to correct an error of law but to protect Olagues's corrupt enterprise of pressuring companies into paying him "consulting fees" to avoid the costs of litigation. He is hoping to muddy the waters around his right to assert Section 16(b) claims *pro se* so that he can continue to bring such actions when companies refuse to pay him off. And he is forcing Huntington—a company that rejected his improper demands—to incur yet additional costs in responding to a frivolous motion for reconsideration that no lawyer would have agreed to file. This motion is a waste of judicial resources in pursuit of an endeavor that is an abuse of the judicial process, and it should be rejected.

---

[1]     *See also Olagues* v. *Timken*, Dkt. 10 at 3–4, No. 17-1870 (N.D. Ohio Dec. 8, 2017) (attaching Olagues letters "dangl[ing] the prospect of … going away quietly, for an unspecified price"); *Olagues* v. *Muncrief*, Dkt. 12 at 6, No. 17-0153 (N.D. Ok. June 5, 2017) (attaching Olagues letters threatening to sue if he was not paid a "consulting fee"); *Olagues* v. *Tarr*, Dkt. 18 at 8–9, No. 17-0279 (D. Co. May 4, 2017) (attaching correspondence "inform[ing] defense counsel that he would withdraw his Complaint in exchange for a 'consulting fee,' *i.e.*, a payment to Mr. Olagues for 'consulting services' no one wanted, of no benefit to the Company").

## II.     CONCLUSION

For the foregoing reasons, plaintiff's motion for reconsideration should be denied, and

this Court should grant any additional relief it believes is just and proper.


Dated:  February 8, 2018

<div style="margin-left:50%">

/s/ Robert W. Trafford
Robert W. Trafford (0024447)
Trial Attorney
PORTER WRIGHT MORRIS & ARTHUR LLP
41 South High Street
Columbus, Ohio  43215
Telephone:  (614) 227-2149
Facsimile:  (614) 227-2100
Email:  rtrafford@porterwright.com

Stephen R. DiPrima
(admitted *pro hac vice*)
Benjamin D. Klein
(admitted *pro hac vice*)
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY  10019
Telephone:  (212) 403-1055
Facsimile:  (212) 403-2055
Email:  SRDiPrima@wlrk.com
Email:  BDKlein@wlrk.com

*Attorneys for Defendants*

</div>

## CERTIFICATE OF ELECTRONIC FILING

I hereby certify that on February 8, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

> */s/* Robert W. Trafford
> Robert W. Trafford (0024447)
> Trial Attorney
> PORTER WRIGHT MORRIS & ARTHUR LLP
> 41 South High Street
> Columbus, Ohio 43215
> Telephone:  (614) 227-2149
> Facsimile:  (614) 227-2100
> Email:  rtrafford@porterwright.com
>
> *Attorneys for Defendants*