**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN A. OLAGUES,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No. 2:17-CV-49** |
| | : | |
| **v.** | : | **JUDGE ALGENON L. MARBLEY** |
| | : | |
| **STEPHEN D. STEINOUR, *et al.*** | : | **Magistrate Judge Deavers** |
| | : | |
| **Defendants.** | : | |

**OPINION & ORDER**

Plaintiff, John A. Olagues, who is proceeding without the assistance of counsel, filed a Motion for Relief under Federal Rules of Civil Procedure 60(b)(1) to amend judgment of the Opinion and Order (ECF No. 28) in which the Court granted Defendants' Motion to Strike Plaintiff's Procedurally Improper Complaint. For the reasons stated below, Plaintiff's Motion is **DENIED**.

## I. BACKGROUND

Plaintiff filed a claim against Huntington Bancshares Inc. ("Huntington") and Defendant Stephen Steinour, the President and CEO of Huntington. (ECF No. 1). Plaintiff alleged that a series of stock transactions conducted by Defendants from 2014 to 2016 violated Section 16(b) of the Securities Exchange Act of 1934, which requires company insiders to disgorge any profits earned through short-swing trading. (*Id.* at ¶¶ 2, 4, 9).

The Court granted Defendants' Motion to Strike Plaintiff's Procedurally Improper Complaint and directed Plaintiff to hire counsel and to file an Amended Complaint within thirty (30) days. (ECF No. 27). The Court held that Plaintiff cannot proceed *pro se* because the suit he

filed was on behalf of Huntington and Plaintiff's claim implicated interests apart from his own. (*Id.* at 4). In the Complaint, Plaintiff argued that the suit is a private right of action under Section 16(b), as opposed to a representative or derivative action on behalf of shareholders. (*Id.*). While the Court agreed that Plaintiff is not acting on behalf of shareholders of Huntington, the Court found that Plaintiff is still acting on behalf of Huntington as a whole and therefore cannot proceed *pro se*. (*Id.*).

## II. STANDARD

Rule 60(b) sets out six reasons for which the Court is authorized to grant relief:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgement has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. Pro. 60(b).

The "public policy favoring finality of judgments" typically limits the availability of relief sought under this rule. *See Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). Federal Rules of Civil Procedure 60 (b)(1) allows relief from final judgment for petitioner when they demonstrate "mistake, inadvertence, surprise or excusable neglect." *See Mitchell v. Seabold*, 2006 WL 83437 at *1 (W.D. Ky. Jan. 10, 2006). The Sixth Circuit has previously held that FRCP 60(b)(1) is "intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgement or order." *U.S. v.*

*Reyes*, 307 F.3d 451, 455 (6th Cir. Aug. 29, 2002) (citing *Cacevic v. City of Hazel Park,* 226 F.3d 483, 490 (6th Cir. 2000)).

**III. ANALYSIS**

Plaintiff has filed a Motion for Relief under FRCP 60(b)(1) to amend the judgement of Opinion and Order (ECF No. 27), which struck Plaintiff's Complaint as procedurally improper. In his motion, Plaintiff alleges that Section 16(b) of the 1934 Act allows for a private right of action, rather than a derivative action on behalf of shareholders. (ECF No. 27). Plaintiff restates his claim that he should be allowed to proceed *pro se* by citing a report by the Securities Exchange Commission and the opinion of Arnold Jacobs, who the Plaintiff describes as the "foremost expert in the United States" regarding this matter. *Id.* at 1.

However, as Defendants have correctly stated in their Opposition to Plaintiff's Motion for Reconsideration (ECF No. 29), Plaintiff does not even mention the Court's decision in the Opinion and Order (ECF No. 27) in his Motion for Relief. As Plaintiff has filed a motion under FRCP 60(b)(1), he must show that a "mistake, inadvertence, surprise or excusable neglect" has occurred. *See* Fed. R. Civ. Pro. 60(b)(1). However, Plaintiff fails to identify any mistake that this Court has made in the Order and Opinion. *See also Grandberry v. Ford Motor Co.*, 2009 WL 398096, at * 1 (E.D. Mich. 2009). Plaintiff simply restates his arguments from his initial Complaint and reasserts that Section 16(b) provides him with a private right of action, using language from a SEC Report and a professor in that field. Plaintiff does not offer any evidence or even allege that the Court erred in the Opinion and Order. Plaintiff simply restates an issue of which the Court has already disposed of.

Furthermore, the Court would like to reiterate the fact that Plaintiff has attempted to bring forth the same claim *pro se* numerous times, and other federal courts have barred him from doing

so. As this Court stated in its Order and Opinion (ECF No. 27), other federal courts have held that Plaintiff could not proceed *pro se* in Section 16(b) cases and ordered him to obtain counsel, as his suits were "representative in nature". *See Olagues v. Muncrief, et al.,* No. 17-cv-153 (N.D. Ok. June 6, 2017). The Court also brings attention to *Olagues v. Timken,* in which a federal court held that Plaintiff may not appear *pro se* on behalf of a corporation and dismissed his complaint. No. 5:17-cv-1870 (N.D. Ohio Jan. 2, 2018). The Court recognizes that Plaintiff has attempted to bring this *pro se* claim before federal courts numerous times and has been ordered to do the same thing every time: retain counsel or face dismissal of his complaint as he cannot bring a Section 16(b) claim *pro se* on behalf of another entity. This Court agrees with the other federal courts that have addressed identical claims by the Plaintiff and holds that this Court was correct the first time—Plaintiff cannot proceed *pro se*. Therefore, Plaintiff's Motion is denied.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Relief under Federal Rules of Civil Procedure 60(b)(1) to Amend Judgment of the Opinion and Order (ECF No. 28) is **DENIED.** The Court notes that it gave Plaintiff thirty days to obtain counsel in its January 4, 2018 Order. Given that Plaintiff filed this motion to reconsider within the thirty days allotted to obtain counsel, the Court will allow Plaintiff an additional thirty (30) days from the date of this Order to obtain counsel. If Plaintiff fails to retain counsel and file an amended complaint by **June 29, 2018**, this case will be dismissed without prejudice.

**IT IS SO ORDERED.**

**/s/ Algenon L. Marbley**
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: May 29, 2018**